| UNITED STATES BANKRUPTCY COURT<br>Eastern District Of California (Sacramento Division Office ) | **FILED**<br>**06/30/05**<br>CLERK, U.S. BANKRUPTCY COURT<br>EASTERN DISTRICT OF CALIFORNIA<br>auto |

# DISCHARGE OF DEBTOR

**Case Number: 05 - 23364-C-7**

Debtor Name(s), Social Security Number(s), and Address(es):

JoAnn Dunham                                            xxx-xx-3310

2670 5TH ST
SACRAMENTO, CA 95818
OTHER NAMES USED WITHIN 6 YEARS BEFORE FILING THE PETITION:

JoAnn Myrtle Dunham

It appearing that the debtor is entitled to a discharge, **IT IS ORDERED:** The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

DATED: 06/30/05

FOR THE COURT
RICHARD G. HELTZEL
CLERK, U.S. BANKRUPTCY COURT

Sacramento Division Office
501 I Street, Suite 3-200
Sacramento, CA 95814

Form BL/L55
Continued (12/03)

## EXPLANATION OF BANKRUPTCY DISCHARGE IN A CHAPTER 7 CASE

This court order grants a discharge to the person (or persons) named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *In a case involving community property, there are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.* A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.

Debts That are Not Discharged

Some of the common types of debts which are not discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts that are in the nature of alimony, maintenance, or support;

c. Debts for most student loans;

d. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

e. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle while intoxicated;

f. Some debts which were not properly listed by the debtor;

g. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged; and

h. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts.

**NOTE: The granting of this discharge does not affect any pending or subsequently filed complaints to determine the dischargeability of specific debts under 11 U.S.C. § 523.**

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

Filed 06/30/05      Case 05-23364      Doc 8



**Enterprise Systems Incorporated**
11487 Sunset Hills Road
Reston, Virginia 20190-5234

# CERTIFICATE OF SERVICE

```
District/off: 0972-2          User: auto              Page 1 of 1              Date Rcvd: Jun 30, 2005
Case: 05-23364                Form ID: 265            Total Served: 8

The following entities were served by first class mail on Jul 02, 2005.
db         +Dunham, JoAnn,    2670 5TH ST,    SACRAMENTO, CA 95818-2819
tr         +Hanf, Richard J.,    PO Box 6499,    Napa, CA 94581-1499
7580090    +Direct Merchants,    PO Box 29468,    Phoenix AZ 85038-9468
7580091     Home Depot,    PO Box 6028,    The Lakes NV 88901-6028
7580092    +Merrick Bank,    PO Box 9201,    Old Bethpage NY 11804-9001
7580093     Radio Shack,    PO Box 9025,    Des Moines IA 50368-9025
7580094    +Swiss Colony Inc,    1112 Seventh Avenue,    Monroe WI 53566-1364

The following entities were served by electronic transmission on Jun 30, 2005 and receipt of the transmission
was confirmed on:
7580089     EDI: CAPITALONE.COM Jun 30 2005 19:47:00      Capital One,    PO Box 60000,    Seattle WA 98190-6000
                                                                                                      TOTAL: 1

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                 TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.

First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Jul 02, 2005          Signature: *Joseph Speetjens*